UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.
Circuit Court Case No.: 2019-17529-CA-01

JESUS LOSA,

        Plaintiff,

v.

INTER-RAIL TRANSPORT OF MIAMI,
LLC, and MELINDA BIEHL,

        Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

    Defendants, INTER-RAIL TRANSPORT OF MIAMI ("Inter-Rail Transport") and MELINDA BIEHL ("Biehl") (collectively hereinafter "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiff, JESUS LOSA (hereinafter "Plaintiff"), from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to this Court. Defendants submit the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

    1.    On June 14, 2019, Plaintiff filed a Complaint against Defendants in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The Clerk of that Court assigned Case No. 2019-17529-CA-01 to this action.

    2.    On August 2, 2019, Plaintiff filed an amended Complaint against Defendants.

    3.    Plaintiff served Inter-Rail Transport with a Summons and a copy of the Complaint

and an amended Complaint ("Compl.") on August 5, 2019. (See Exhibit A).[1]

4.     Plaintiff served Biehl with a Summons and a copy of the Complaint and an amended Complaint on August 9, 2019. (See Exhibit B).

5.     Plaintiff's Complaint purports to set forth 15 counts against Defendants for alleged violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Compl. ¶¶ 36-58, 64-79), 29 C.F.R. §785.14 (Complaint ¶¶ 90–99) , 29 C.F.R. § 785.38 (Compl. ¶¶ 80-89), the Florida Minimum Wage Act (§448.110, Fla. Stat.) (Compl. ¶¶ 59-63), as well as workers' compensation retaliation in violation of § 440.205, Fla. Stat.

6.     This Court has original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  In this case, the Court has original jurisdiction over this action because Plaintiff alleges violations of the the FLSA.  28 U.S.C. § 1331.   It also has supplemental jurisdiction over the alleged violations of the Florida Minimum Wage Act.  See 28 U.S.C. § 1367.  Therefore, this action is properly removable under 28 U.S.C. § 1331 and § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and 1441(a).

8.     A complete copy of all pleadings filed in the Circuit Court of the Eleventh Judicial Circuit has been filed simultaneously with this Notice of Removal.

9.     Defendants have provided written notice of the removal to Plaintiff, and, contemporaneously with this Notice, Defendants are filing the Notice of Filing Notice of Removal in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

---

[1] The amended Complaint filed by Plaintiff also bears the title "Complaint."

10.     Defendants will respond to the amended Complaint in this Court in accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure.

11.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days after service of the complaint.

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction over this matter for all further proceedings.

Dated this 4th day of September, 2019.

Respectfully submitted,

s/ **GREGORY A. HEARING**
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
BENJAMIN W. BARD
Florida Bar No.: 95514
benjamin.bard@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street
Post Office Box 3324 (33601-3324)
Tampa, Florida, 33602
Tel:  (813) 273-5000
Fax:  (813) 273-5145
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and sent via U.S. mail and e-mail to the following:

Henry Hernandez                          Monica Espino
Law Office of Henry Hernandez, P.A.      Espino Law, PL
2655 LeJeune Road, Suite 802             2655 LeJeune Road, Suite 802
Coral Gables, Florida 33134             Coral Gables, Florida 33134
henry@hhlawflorida.com                   me@espino-law.com

3

**s/ GREGORY A. HEARING**

Attorney

Filing # 91097521 E-Filed 06/14/2019 09:41:33 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE, FLORIDA

**JESUS LOSA**

      Plaintiff,

CASE NO.: 2019-17529-01

v.

**INTER-RAIL TRANSPORT OF MIAMI, LLC.**
a Florida Corporation, and
**MELINDA BIEHL**, individually,

      Defendant.

_____/

## SUMMONS

To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on Defendant:

      **INTER-RAIL TRANSPORT OF MIAMI, LLC.**
      **C/O TRAC - THE REGISTERED AGENT COMPANY**
      **236 E. 6TH AVENUE**
      **TALLAHASSEE, FL 32303**

*[handwritten: #214 Tyree Slade TS 8/5/19 11:54a]*

      A lawsuit has been filed against you.  You have **20 Calendar Days** after this summons is served on you to file a written response to the attached Complaint with the clerk of this court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written responses to the

**EXHIBIT A**

Plaintiff's Attorney's named below:

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 Le Jeune Road, Suite 802
Coral Gables, Florida 33134
T.: 305.771.3374
e.: Henry@HHLAWFLORIDA.com


By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Co-Counsel for Plaintiff*


**TO THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.**

6/17/2019

**DATED ON** _____, 2019.


Clerk of said Court

By: _____  **219401**
Deputy Clerk

Filing # 90934471 E-Filed 06/11/2019 04:42:13 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>JESUS H LOSA</u>
Plaintiff

         vs.

<u>INTER-RAIL TRANSPORT OF MIAMI LLC, MELINDA BIEHL</u>
Defendant

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐   Business governance
  ☐   Business torts
  ☐   Environmental/Toxic tort
  ☐   Third party indemnification
  ☐   Construction defect
  ☐   Mass tort
  ☐   Negligent security
  ☐   Nursing home negligence
  ☐   Premises liability – commercial
  ☐   Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐   Commercial foreclosure $0 - $50,000
  ☐   Commercial foreclosure $50,001 - $249,999
  ☐   Commercial foreclosure $250,000 or more
  ☐   Homestead residential foreclosure $0 – 50,000
  ☐   Homestead residential foreclosure $50,001 - $249,999
  ☐   Homestead residential foreclosure $250,000 or more
  ☐   Non-homestead residential foreclosure $0 - $50,000
  ☐   Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐   Malpractice – business
  ☐   Malpractice – medical
  ☐   Malpractice – other professional
☒ Other
  ☐   Antitrust/Trade Regulation
  ☐   Business Transaction
  ☐   Circuit Civil - Not Applicable
  ☐   Constitutional challenge-statute or ordinance
  ☐   Constitutional challenge-proposed amendment
  ☐   Corporate Trusts
  ☒   Discrimination-employment or other
  ☐   Insurance claims
  ☐   Intellectual property
  ☐   Libel/Slander
  ☐   Shareholder derivative action
  ☐   Securities litigation
  ☐   Trade secrets
  ☐   Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Non-monetary declaratory or injunctive relief;
    ☐ Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    <u>15</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Henry Hernandez</u>   FL Bar No.: <u>542601</u>
    Attorney or party                       (Bar number, if attorney)

    <u>Henry Hernandez</u>    <u>06/11/2019</u>
    (Type or print name)                   Date

Filing # 93561752 E-Filed 08/02/2019 09:39:38 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**JESUS LOSA ,**

       Plaintiff,

v.

**INTER-RAIL TRANSPORT OF MIAMI, LLC.**
a Florida Corporation, and
**MELINDA BIEHL**, individually,

       Defendants.
_____/

**CASE NO.: 2019-17529-CA-01**

## COMPLAINT

Plaintiff, Jesus Losa ("Losa"), files this Complaint against Defendants, Inter-Rail Transport of Miami, LLC. ("Inter-Rail"), and Melinda Biehl ("Melinda Biehl") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2.    At all material times, Inter-Rail is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3.    At all material times, Melinda Biehl is *sui juris* and a resident of Miami-Dade County, Florida.

4.    At all material times, Losa is *sui juris* and a resident of Miami-Dade County, Florida

5.      Venue is proper in this Court as the cause of action accrued in and the parties are located in Miami-Dade County, Florida.

6.      This action is brought by Plaintiff to recover from the Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7.      Upon information and belief, the annual gross revenue of Inter-Rail was at all times material hereto in excess of $500,000.00 per annum.

8.      At all material times hereto, Inter-Rail was and continues to be an enterprise engaged in interstate commerce.

9.      At all material times hereto, Inter-Rail operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10.     As a result of the services provided by Inter-Rail, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11.     By reason of the foregoing, Inter-Rail is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12.     Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13.     Upon information and belief, Jay Ricketts is an officer/director of Inter-Rail and has economic and day-to-day control of Inter-Rail, and of the nature and structure of Plaintiff's employment relationship with Inter-Rail and is therefore an employer as defined by 29 U.S.C., Section 203(d).

14.     Upon information and belief, Vicki Ricketts is an officer/director of Inter-Rail and has economic and day-to-day control of Inter-Rail, and of the nature and structure of Plaintiff's employment relationship with Inter-Rail and is therefore an employer as defined by 29 U.S.C., Section 203(d).

## GENERAL ALLEGATIONS

15.     Upon information and belief, Employer employed Plaintiff from approximately February 2017 through the present ("the relevant time period").

16.     During the relevant time period, Plaintiff was employed as a non-exempt unloader earning an average of $15.50 per hour.

17.     At all material times, Inter-Rail's gross annual revenues were in excess of $500,00.00.

18.     Throughout his employment with Inter-Rail, Plaintiff routinely worked for Inter-Rail from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

19.     Notwithstanding, Inter-Rail willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rate for the overtime hours he worked.

3

20.    Inter-Rail knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

21.    Melinda Biehl knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

22.    Inter-Rail and Melinda Biehl routinely reduced hours worked reflected on Plaintiffs, and Plaintiff's co-worker checks.

23.    In addition, on or about October 23, 2018, during the course and scope of his employment, Plaintiff suffered a fall and injured his back. He came back to work with light-duty restrictions. Upon his return to work, Inter-Rail reduced his pay to $11.00 per hour. Then, even when Plaintiff returned to full-duty work, Inter-Rail never increased his pay back to his prior $15.50 per hour, without further explanation from his supervisors. Notwithstanding, to date, Inter-Rail has failed/refused to pay Plaintiff his rightfully earned wages, in violation of local, state and federal laws, and subsequently terminated him in retaliation for his complaint of Inter-Rail's unlawful conduct in violation of FLSA.

24.    Plaintiff reported these violations to Inter-Rail's managers, notwithstanding, to date, Inter-Rail has failed/refused to pay Plaintiff his rightfully earned wages, in violation of local, state and federal laws. In addition, on or about July 23, 2019, Inter-Rail unlawfully terminated Plaintiff in retaliation for his complaint of Inter-Rail's unlawful conduct in violation of FLSA, and his valid attempt to seek workers compensation benefits.

25.    Additionally, throughout Plaintiff's employment at Inter-Rail, Inter-Rail routinely edited Plaintiff's time records by docking hours worked by Plaintiff while he was traveling from

4

one job site to the other during the workday. Inter-Rail also docked hours worked by Plaintiff while he was under time belonging and controlled by Inter-Rail and waiting on the job site for a truck to arrive to be unloaded.

26.    As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation, damages, penalties and attorney's fees.

27.    Plaintiff has complied with all conditions precedent to filing this action.

28.    Plaintiff retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

29.    On January 31, 2019, Plaintiff through his undersigned counsel, sent to the Inter-Rail a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Inter-Rail failed/refused to do so ("Demand").

## COUNT I
### RETALIATION IN VIOLATION OF
### SECTION 440.205, FLORIDA STATUTES

30.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

31.    This is an action against Inter-Rail for retaliation pursuant to Section 440.205, Florida Statutes.

32.    Section 440.205, Florida Statutes, governs coercion of employees in workers' compensation claims, and provides, in pertinent part:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

5

33.   Section 440.02(16)(a), Florida Statutes (2004), defines "Employer" to include:

> The state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person. "Employer" also includes employment agencies, employee leasing companies, and similar agents who provide employees to other persons. If the employer is a corporation, parties in actual control of the corporation, including, but not limited to, the president, officers who exercise broad corporate powers, directors, and all shareholders who directly or indirectly own a controlling interest in the corporation, are considered the employer for the purposes of §§ 440.105, 440.106, and 440.107.

34.   Inter-Rail improperly and unlawfully retaliated against Plaintiff by reducing his pay with Inter-Rail on or about June 17, 2015,  and ultimately terminating Plaintiff after Plaintiff filed for worker's compensation benefits.

35.   As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST INTER-RAIL

36.   Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

37.   This is an action against Inter-Rail for overtime compensation pursuant to 29 U.S.C. § 216(b).

38.   Upon information and belief, Inter-Rail has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

39.   Plaintiff routinely worked in excess of forty (40) hours per week for Inter-Rail.

40.     Specifically, Plaintiff estimates that he routinely worked for Inter-Rail from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

41.     Defendant, Inter-Rail, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

42.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

43.     Inter-Rail knew or should have known that Plaintiff suffered or was permitted to work overtime for Inter-Rail as defined in 29 U.S.C. § 203(g).

44.     Inter-Rail failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

45.     At all material times, Inter-Rail knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

46.     At all material times, Inter-Rail failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

**COUNT III**
**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**
**AGAINST MELINDA BIEHL**

47.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

48.     This is a collective action against Melinda Biehl for overtime compensation pursuant to 29 U.S.C. § 216(b).

7

49.     Upon information and belief, Melinda Biehl has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

50.     Plaintiff routinely worked in excess of forty (40) hours per week for Melinda Biehl.

51.     Specifically, Plaintiff estimates that he routinely worked for Melinda Biehl from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

52.     Defendant, Melinda Biehl, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

53.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

54.     Melinda Biehl knew or should have known that Plaintiff suffered or was permitted to work overtime for Melinda Biehl as defined in 29 U.S.C. § 203(g).

55.     Melinda Biehl failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

56.     At all material times, Melinda Biehl knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

57.     At all material times, Melinda Biehl failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

58.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF FLSA
## (PROMPT PAYMENT)
## AGAINST INTER-RAIL

59.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

60.     The FLSA requires that Inter-Rail have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); *see also Biggs v. Wilson*, 1 F.3d 1537, 1530-40.

61.     Inter-Rail willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

62.     Inter-Rail's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

63.     Inter-Rail did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

## COUNT V
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF FLSA
### (PROMPT PAYMENT)
### AGAINST MELINDA BIEHL

64.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

65.     The FLSA requires that Melinda Biehl pay to Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m). The FLSA requires that Melinda Biehl have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); *see also Biggs v. Wilson*, 1 F.3d 1537, 1530-40.

66.     Melinda Biehl willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

67.     Melinda Biehl's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

68.     Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

69.     Melinda Biehl did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

## COUNT VI
### RETALIATION (FLSA)
### AGAINST INTER-RAIL

70.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

10

71.     This is an action against Defendant Inter-Rail for retaliation based on Plaintiff's lawful opposition to Inter-Rail' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Inter-Rail, in violation of Section 215(a)(3), FLSA.

72.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was still on duty working for Inter-Rail. Plaintiff reported the unlawful wage theft to Inter-Rail.

73.     Subsequently, Inter-Rail, reduced Plaintiff's rate of pay in retaliation for his complaint of Inter-Rail unlawful conduct, in violation of Section 215(a)(3), FLSA.

74.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT VII
## RETALIATION (FLSA)
## AGAINST MELINDA BIEHL

75.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

76.     This is an action against Defendant Melinda Biehl for retaliation based on Plaintiff's lawful opposition to Jay Ricketts' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Melinda Biehl, in violation of Section 215(a)(3), FLSA.

77.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Melinda Biehl. Plaintiff reported the unlawful wage theft to employer.

78.     Subsequently, Melinda Biehl terminated Plaintiff's employment in retaliation for his complaint of Melinda Biehl unlawful conduct, in violation of Section 215(a)(3), FLSA.

11

79.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT VIII
### TRAVEL TIME (29 CFR, §785.38)
### AGAINST INTER-RAIL

80.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

81.     This is an action against Defendant Inter-Rail for unpaid wages based on the time spent by Plaintiff in travel as part of his principal activity, specifically travel from job site to job site during the workday, which must be counted as hours worked.

82.     Pursuant to 29 CFR, §785.38, time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. (*Walling* v. *Mid-Continent Pipe Line Co.,* 143 F. 2d 308 (C. A. 10, 1944))

83.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was traveling from job site to job site during the workday as part of his principal activity, in violation of 29 CFR, §785.38.

84.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT IX
### TRAVEL TIME (29 CFR, §785.38)
### AGAINST MELINDA BIEHL

85.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

86.     This is an action against Defendant Melinda Biehl for unpaid wages based on the time spent by Plaintiff in travel as part of his principal activity, specifically travel from job site to job site during the workday, which must be counted as hours worked.

87.     Pursuant to 29 CFR, §785.38, time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. (*Walling* v. *Mid-Continent Pipe Line Co.,* 143 F. 2d 308 (C. A. 10, 1944))

88.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was traveling from job site to job site during the workday as part of his principal activity, in violation of 29 CFR, §785.38.

89.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT X
### WAITING TIME (29 CFR, §785.14)
### AGAINST INTER-RAIL

90.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

91.     This is an action against Defendant Inter-Rail for unpaid wages based on the time Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, as it belonged to and was controlled by Defendant.

92.     Pursuant to 29 CFR, §785.15, waiting is an integral part of the job. While working as an unloader, Plaintiff often had to wait for trains to arrive. Without a train to unload, Plaintiff

13

could not fulfill his duties; therefore, waiting for trains was part of his job. The time is worktime even though the employee is allowed to leave the premises or the job site during such periods of inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. The employee is engaged to wait. (See: *Skidmore* v. *Swift,*323 U.S. 134, 137(1944); *Wright* v. *Carrigg,* 275 F. 2d 448, 14 W.H. Cases (C.A. 4, 1960); *Mitchell* v. *Wigger,* 39 Labor Cases, para. 66,278, 14 W.H. Cases 534 (D.N.M. 1960); *Mitchell* v. *Nicholson,* 179 F. Supp, 292,14 W.H. Cases 487 (W.D.N.C. 1959))

93.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, in violation of 29 CFR, §785.15.

94.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT XI**
**WAITING TIME (29 CFR, §785.14)**
**AGAINST MELINDA BIEHL**

95.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

96.     This is an action against Defendant Melinda Biehl for unpaid wages based on the time Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, as it belonged to and was controlled by Defendant.

97.     Pursuant to 29 CFR, §785.15, waiting is an integral part of the job. While working as an unloader, Plaintiff often had to wait for trains to arrive. Without a train to unload, Plaintiff could not fulfill his duties; therefore, waiting for trains was part of his job. The time is worktime even though the employee is allowed to leave the premises or the job site during such periods of

inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. The employee is engaged to wait. (See: *Skidmore* v. *Swift,*323 U.S. 134, 137(1944); *Wright* v. *Carrigg,* 275 F. 2d 448, 14 W.H. Cases (C.A. 4, 1960); *Mitchell* v. *Wigger,* 39 Labor Cases, para. 66,278, 14 W.H. Cases 534 (D.N.M. 1960); *Mitchell* v. *Nicholson,* 179 F. Supp, 292,14 W.H. Cases 487 (W.D.N.C. 1959))

98.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, in violation of 29 CFR, §785.15.

99.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

### COUNT XII
### FLORIDA MINIMUM WAGE ACT (448.110)
### AGAINST INTER-RAIL

100.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

101.     The Florida Minimum Wage Act requires that Inter-Rail pay to Plaintiff a minimum wage per hour for all work performance by him.

102.     Inter-Rail willfully and intentionally failed to pay Plaintiff his full minimum wages or hourly rate by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

15

103. Inter-Rail's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

104. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

105. Inter-Rail did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

106. Inter-Rail was unjustly enriched by the Plaintiff because of the work he performed on its behalf without proper compensation.

107. As a result, Inter-Rail is obligated to pay to Plaintiff a required minimum wage per hour, F.S. § 448.110, as well as Plaintiff's attorneys' fees pursuant to Section 448.08, Florida Statutes.

## COUNT XIII
## FLORIDA MINIMUM WAGE ACT (448.110)
## AGAINST MELINDA BIEHL

108. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

109. The Florida Minimum Wage Act requires that Jay Ricketts pay to Plaintiff a minimum wage or hourly rate for all work performance by him.

110. Melinda Biehl willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

111. Melinda Biehl's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

112.    Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

113.    Melinda Biehl did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

114.    Melinda Biehl was unjustly enriched by the Plaintiff because of the work he performed on its behalf without proper compensation.

115.    As a result, Melinda Biehl is obligated to pay to Plaintiff a required minimum wage per hour, F.S. § 448.110, as well as Plaintiff's attorneys' fees pursuant to Section 448.08, Florida Statutes.

**COUNT XIV**
**RETALIATION (FLORIDA MINIMUM WAGE ACT - 448.110)**
**AGAINST INTER-RAIL**

116.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

117.    This is an action against Defendant Inter-Rail for retaliation based on Plaintiff's lawful opposition to Inter-Rail' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Inter-Rail, in violation of the Florida Minimum Wage Act, § 448.110(5).

118.    Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Inter-Rail. Plaintiff reported the unlawful wage theft to Inter-Rail.

119.    Subsequently, Inter-Rail terminated Plaintiff's employment in retaliation for his complaint of Inter-Rail unlawful conduct, in violation of the Florida Minimum Wage Act, § 448.110(5).

120.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT XV**
**RETALIATION (FLORIDA MINIMUM WAGE ACT - 448.110)**
**AGAINST MELINDA BIEHL**

121.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

122.     This is an action against Defendant Melinda Biehl for retaliation based on Plaintiff's lawful opposition to Melinda Biehl's unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Jay Ricketts, in violation of the Florida Minimum Wage Act, § 448.110(5).

123.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Melinda Biehl. Plaintiff reported the unlawful wage theft to Melinda Biehl.

124.     Subsequently, Melinda Biehl terminated Plaintiff's employment in retaliation for his complaint of Melinda Biehl unlawful conduct, in violation of the Florida Minimum Wage Act, § 448.110(5).

125.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

126.     Plaintiff hereby demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jesus Losa, respectfully requests that judgment be entered in his favor against Defendants, Inter-Rail Transport of Miami, LLC., and Melinda Biehl as follows:

(a)   Declaring that the acts of Defendant complained of herein are in violation of § 440.205 of the Florida Statutes;

(b)   Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of § 440.205 of the Florida Statutes;

(c)   Declaring pursuant to 28 U.S.C § 2201 and § 2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

(d)   Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime and minimum wage provisions of the FLSA;

(e)   Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime and minimum wage compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(f)   Awarding Plaintiff liquidated damages;

(g)   Awarding Plaintiff reasonable attorney's fees, costs, penalties, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b)

(h)   Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 2nd day of August 2019.

By: /s/ Henry Hernandez
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
Attorney for Plaintiff
2655 Le Jeune Road, Suite 802
Coral Gables, Florida 33134
T.: 305.771.3374
e.: Henry@HHLAWFLORIDA.com


By: /s/ Monica Espino
Florida Bar No. 834491
Espino Law, PL
Co-Counsel for Plaintiffs
2655 S. LeJeune Road, Suite 802
Coral Gables, Florida 33134
Email: me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378

Filing # 90934471 E-Filed 06/11/2019 04:42:13 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**JESUS LOSA ,**                                      **CASE NO.:**

      Plaintiff,

v.

**INTER-RAIL TRANSPORT OF MIAMI, LLC.**
a Florida Corporation, and
**MELINDA BIEHL**, individually,

      Defendants.
_____/

## **COMPLAINT**

Plaintiff, Jesus Losa ("Losa"), files this Complaint against Defendants, Inter-Rail Transport of Miami, LLC. ("Inter-Rail"), and Melinda Biehl ("Melinda Biehl") and alleges, as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Inter-Rail is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Melinda Biehl is *sui juris* and a resident of Miami-Dade County, Florida.

4. At all material times, Losa is *sui juris* and a resident of Miami-Dade County, Florida

5.     Venue is proper in this Court as the cause of action accrued in and the parties are located in Miami-Dade County, Florida.

6.     This action is brought by Plaintiff to recover from the Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7.     Upon information and belief, the annual gross revenue of Inter-Rail was at all times material hereto in excess of $500,000.00 per annum.

8.     At all material times hereto, Inter-Rail was and continues to be an enterprise engaged in interstate commerce.

9.     At all material times hereto, Inter-Rail operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10.     As a result of the services provided by Inter-Rail, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11.     By reason of the foregoing, Inter-Rail is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Jay Ricketts is an officer/director of Inter-Rail and has economic and day-to-day control of Inter-Rail, and of the nature and structure of Plaintiff's employment relationship with Inter-Rail and is therefore an employer as defined by 29 U.S.C., Section 203(d).

14. Upon information and belief, Vicki Ricketts is an officer/director of Inter-Rail and has economic and day-to-day control of Inter-Rail, and of the nature and structure of Plaintiff's employment relationship with Inter-Rail and is therefore an employer as defined by 29 U.S.C., Section 203(d).

## GENERAL ALLEGATIONS

15. Upon information and belief, Employer employed Plaintiff from approximately February 2017 through the present ("the relevant time period").

16. During the relevant time period, Plaintiff was employed as a non-exempt unloader earning an average of $15.50 per hour.

17. At all material times, Inter-Rail's gross annual revenues were in excess of $500,00.00.

18. Throughout his employment with Inter-Rail, Plaintiff routinely worked for Inter-Rail from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

19. Notwithstanding, Inter-Rail willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rate for the overtime hours he worked.

3

20.     Inter-Rail knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

21.     Melinda Biehl knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

22.     Inter-Rail and Melinda Biehl routinely reduced hours worked reflected on Plaintiffs, and Plaintiff's co-worker checks.

23.     In addition, on or about October 23, 2018, during the course and scope of his employment, Plaintiff suffered a fall and injured his back. He came back to work with light-duty restrictions and Inter-Rail reduced his pay by twenty-one percent (21%). Then, even when Plaintiff returned to full-duty work, Inter-Rail continued to reduce his pay by twenty-one percent (21%), without further explanation from his supervisors. Notwithstanding, to date, Inter-Rail has failed/refused to pay Plaintiff his rightfully earned wages, in violation of local, state and federal laws, and subsequently terminated him in retaliation for his complaint of Inter-Rail's unlawful conduct in violation of FLSA.

24.     Plaintiff reported the unlawful wage theft to Inter-Rail's managers, as well as their failure/refusal to pay the required overtime pay. Notwithstanding, to date, Inter-Rail has failed/refused to pay Plaintiff his rightfully earned wages, in violation of local, state and federal laws, and subsequently terminated him in retaliation for his complaint of Inter-Rail's unlawful conduct in violation of FLSA.

25.     Additionally, throughout Plaintiff's employment at Inter-Rail, Inter-Rail routinely edited Plaintiff's time records by docking hours worked by Plaintiff while he was traveling from

4

one job site to the other during the workday. Inter-Rail also docked hours worked by Plaintiff while he was under time belonging and controlled by Inter-Rail and waiting on the job site for a truck to arrive to be unloaded.

26.    As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation, damages, penalties and attorney's fees.

27.    Plaintiff has complied with all conditions precedent to filing this action.

28.    Plaintiff retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

29.    On January 31, 2019, Plaintiff through his undersigned counsel, sent to the Inter-Rail a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Inter-Rail failed/refused to do so ("Demand").

**COUNT I**
**RETALIATION IN VIOLATION OF**
**SECTION 440.205, FLORIDA STATUTES**

30.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

31.    This is an action against Inter-Rail for retaliation pursuant to Section 440.205, Florida Statutes.

32.    Section 440.205, Florida Statutes, governs coercion of employees in workers' compensation claims, and provides, in pertinent part:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

5

33.     Section 440.02(16)(a), Florida Statutes (2004), defines "Employer" to include:

The state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person. "Employer" also includes employment agencies, employee leasing companies, and similar agents who provide employees to other persons. If the employer is a corporation, parties in actual control of the corporation, including, but not limited to, the president, officers who exercise broad corporate powers, directors, and all shareholders who directly or indirectly own a controlling interest in the corporation, are considered the employer for the purposes of §§ 440.105, 440.106, and 440.107.

34.     Inter-Rail improperly and unlawfully retaliated against Plaintiff by reducing his pay with Inter-Rail on or about June 17, 2015, after Plaintiff filed for worker's compensation benefits.

35.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST INTER-RAIL

36.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

37.     This is an action against Inter-Rail for overtime compensation pursuant to 29 U.S.C. § 216(b).

38.     Upon information and belief, Inter-Rail has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

39.     Plaintiff routinely worked in excess of forty (40) hours per week for Inter-Rail.

40.     Specifically, Plaintiff estimates that he routinely worked for Inter-Rail from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

41.     Defendant, Inter-Rail, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

42.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

43.     Inter-Rail knew or should have known that Plaintiff suffered or was permitted to work overtime for Inter-Rail as defined in 29 U.S.C. § 203(g).

44.     Inter-Rail failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

45.     At all material times, Inter-Rail knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

46.     At all material times, Inter-Rail failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

<u>COUNT III</u>
**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**
**AGAINST MELINDA BIEHL**

47.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

48.     This is a collective action against Melinda Biehl for overtime compensation pursuant to 29 U.S.C. § 216(b).

7

49.     Upon information and belief, Melinda Biehl has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

50.     Plaintiff routinely worked in excess of forty (40) hours per week for Melinda Biehl.

51.     Specifically, Plaintiff estimates that he routinely worked for Melinda Biehl from Monday through Friday, over forty (40) regular hours a week and approximately twelve (12) hours of overtime per week.

52.     Defendant, Melinda Biehl, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

53.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

54.     Melinda Biehl knew or should have known that Plaintiff suffered or was permitted to work overtime for Melinda Biehl as defined in 29 U.S.C. § 203(g).

55.     Melinda Biehl failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

56.     At all material times, Melinda Biehl knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

57.     At all material times, Melinda Biehl failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

8

58.   As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF FLSA
## (PROMPT PAYMENT)
## AGAINST INTER-RAIL

59.   Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

60.   The FLSA requires that Inter-Rail have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); *see also Biggs v. Wilson*, 1 F.3d 1537, 1530-40.

61.   Inter-Rail willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

62.   Inter-Rail's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

63.   Inter-Rail did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

9

## COUNT V
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF FLSA
### (PROMPT PAYMENT)
### AGAINST MELINDA BIEHL

64.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

65.     The FLSA requires that Melinda Biehl pay to Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m). The FLSA requires that Melinda Biehl have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); *see also Biggs v. Wilson*, 1 F.3d 1537, 1530-40.

66.     Melinda Biehl willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

67.     Melinda Biehl's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

68.     Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

69.     Melinda Biehl did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

## COUNT VI
## RETALIATION (FLSA)
### AGAINST INTER-RAIL

70.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

10

71.     This is an action against Defendant Inter-Rail for retaliation based on Plaintiff's lawful opposition to Inter-Rail' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Inter-Rail, in violation of Section 215(a)(3), FLSA.

72.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was still on duty working for Inter-Rail. Plaintiff reported the unlawful wage theft to Inter-Rail.

73.     Subsequently, Inter-Rail, reduced Plaintiff's rate of pay in retaliation for his complaint of Inter-Rail unlawful conduct, in violation of Section 215(a)(3), FLSA.

74.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT VII**
**RETALIATION (FLSA)**
**AGAINST MELINDA BIEHL**

75.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

76.     This is an action against Defendant Melinda Biehl for retaliation based on Plaintiff's lawful opposition to Jay Ricketts' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Melinda Biehl, in violation of Section 215(a)(3), FLSA.

77.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Melinda Biehl. Plaintiff reported the unlawful wage theft to employer.

78.     Subsequently, Melinda Biehl terminated Plaintiff's employment in retaliation for his complaint of Melinda Biehl unlawful conduct, in violation of Section 215(a)(3), FLSA.

79.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT VIII**
**TRAVEL TIME (29 CFR, §785.38)**
**AGAINST INTER-RAIL**

80.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

81.     This is an action against Defendant Inter-Rail for unpaid wages based on the time spent by Plaintiff in travel as part of his principal activity, specifically travel from job site to job site during the workday, which must be counted as hours worked.

82.     Pursuant to 29 CFR, §785.38, time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. (*Walling* v. *Mid-Continent Pipe Line Co.,* 143 F. 2d 308 (C. A. 10, 1944))

83.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was traveling from job site to job site during the workday as part of his principal activity, in violation of 29 CFR, §785.38.

84.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT IX**
**TRAVEL TIME (29 CFR, §785.38)**
**AGAINST MELINDA BIEHL**

85.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

86.     This is an action against Defendant Melinda Biehl for unpaid wages based on the time spent by Plaintiff in travel as part of his principal activity, specifically travel from job site to job site during the workday, which must be counted as hours worked.

87.     Pursuant to 29 CFR, §785.38, time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. (*Walling* v. *Mid-Continent Pipe Line Co.,* 143 F. 2d 308 (C. A. 10, 1944))

88.     Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was traveling from job site to job site during the workday as part of his principal activity, in violation of 29 CFR, §785.38.

89.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT X
### WAITING TIME (29 CFR, §785.14)
### AGAINST INTER-RAIL

90.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

91.     This is an action against Defendant Inter-Rail for unpaid wages based on the time Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, as it belonged to and was controlled by Defendant.

92.     Pursuant to 29 CFR, §785.15, waiting is an integral part of the job. While working as an unloader, Plaintiff often had to wait for trains to arrive. Without a train to unload, Plaintiff

could not fulfill his duties; therefore, waiting for trains was part of his job. The time is worktime even though the employee is allowed to leave the premises or the job site during such periods of inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. The employee is engaged to wait. (See: *Skidmore* v. *Swift,* 323 U.S. 134, 137(1944); *Wright* v. *Carrigg,* 275 F. 2d 448, 14 W.H. Cases (C.A. 4, 1960); *Mitchell* v. *Wigger,* 39 Labor Cases, para. 66,278, 14 W.H. Cases 534 (D.N.M. 1960); *Mitchell* v. *Nicholson,* 179 F. Supp, 292,14 W.H. Cases 487 (W.D.N.C. 1959))

93.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, in violation of 29 CFR, §785.15.

94.     As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT XI**
**WAITING TIME (29 CFR, §785.14)**
**AGAINST MELINDA BIEHL**

95.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29).

96.     This is an action against Defendant Melinda Biehl for unpaid wages based on the time Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, as it belonged to and was controlled by Defendant.

97.     Pursuant to 29 CFR, §785.15, waiting is an integral part of the job. While working as an unloader, Plaintiff often had to wait for trains to arrive. Without a train to unload, Plaintiff could not fulfill his duties; therefore, waiting for trains was part of his job. The time is worktime even though the employee is allowed to leave the premises or the job site during such periods of

inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. The employee is engaged to wait. (See: *Skidmore* v. *Swift,* 323 U.S. 134, 137(1944); *Wright* v. *Carrigg,* 275 F. 2d 448, 14 W.H. Cases (C.A. 4, 1960); *Mitchell* v. *Wigger,* 39 Labor Cases, para. 66,278, 14 W.H. Cases 534 (D.N.M. 1960); *Mitchell* v. *Nicholson,* 179 F. Supp, 292,14 W.H. Cases 487 (W.D.N.C. 1959))

98.    Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a weekly basis, even though Plaintiff was engaged to wait during the workday for an integral part of the job and was unable to use the time effectively for his own purpose, in violation of 29 CFR, §785.15.

99.    As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

**COUNT XII**
**FLORIDA MINIMUM WAGE ACT (448.110)**
**AGAINST INTER-RAIL**

100.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

101.    The Florida Minimum Wage Act requires that Inter-Rail pay to Plaintiff a minimum wage per hour for all work performance by him.

102.    Inter-Rail willfully and intentionally failed to pay Plaintiff his full minimum wages or hourly rate by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

103.    Inter-Rail's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

104.    Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

105.    Inter-Rail did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

106.    Inter-Rail was unjustly enriched by the Plaintiff because of the work he performed on its behalf without proper compensation.

107.    As a result, Inter-Rail is obligated to pay to Plaintiff a required minimum wage per hour, F.S. § 448.110, as well as Plaintiff's attorneys' fees pursuant to Section 448.08, Florida Statutes.

**COUNT XIII**
**FLORIDA MINIMUM WAGE ACT (448.110)**
**AGAINST MELINDA BIEHL**

108.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

109.    The Florida Minimum Wage Act requires that Jay Ricketts pay to Plaintiff a minimum wage or hourly rate for all work performance by him.

110.    Melinda Biehl willfully and intentionally failed to pay Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

111.    Melinda Biehl's failure to make prompt payments for all hours worked by Plaintiff constituted a minimum wage violation.

112.     Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

113.     Melinda Biehl did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

114.     Melinda Biehl was unjustly enriched by the Plaintiff because of the work he performed on its behalf without proper compensation.

115.     As a result, Melinda Biehl is obligated to pay to Plaintiff a required minimum wage per hour, F.S. § 448.110, as well as Plaintiff's attorneys' fees pursuant to Section 448.08, Florida Statutes.

## COUNT XIV
### RETALIATION (FLORIDA MINIMUM WAGE ACT - 448.110) AGAINST INTER-RAIL

116.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

117.     This is an action against Defendant Inter-Rail for retaliation based on Plaintiff's lawful opposition to Inter-Rail' unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Inter-Rail, in violation of the Florida Minimum Wage Act, § 448.110(5).

118.     Inter-Rail unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Inter-Rail. Plaintiff reported the unlawful wage theft to Inter-Rail.

119.     Subsequently, Inter-Rail terminated Plaintiff's employment in retaliation for his complaint of Inter-Rail unlawful conduct, in violation of the Florida Minimum Wage Act, § 448.110(5).

120.    As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## COUNT XV
## RETALIATION (FLORIDA MINIMUM WAGE ACT - 448.110)
## AGAINST MELINDA BIEHL

121.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

122.    This is an action against Defendant Melinda Biehl for retaliation based on Plaintiff's lawful opposition to Melinda Biehl's unlawful employment practices, specifically the retaliation for reporting the unlawful wage theft by Jay Ricketts, in violation of the Florida Minimum Wage Act, § 448.110(5).

123.    Melinda Biehl unlawfully docked several hours from Plaintiff's paychecks on a biweekly basis, even though Plaintiff was still on duty working for Melinda Biehl. Plaintiff reported the unlawful wage theft to Melinda Biehl.

124.    Subsequently, Melinda Biehl terminated Plaintiff's employment in retaliation for his complaint of Melinda Biehl unlawful conduct, in violation of the Florida Minimum Wage Act, § 448.110(5).

125.    As a result, Plaintiff has suffered damages and is entitled to be compensated for his losses, damages, penalties and attorney's fees.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

126.    Plaintiff hereby demands a jury trial of all issues so triable.

18

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesus Losa, respectfully requests that judgment be entered in his favor against Defendants, Inter-Rail Transport of Miami, LLC., and Melinda Biehl as follows:

(a)    Declaring that the acts of Defendant complained of herein are in violation of § 440.205 of the Florida Statutes;

(b)    Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of § 440.205 of the Florida Statutes;

(c)    Declaring pursuant to 28 U.S.C § 2201 and § 2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

(d)    Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime and minimum wage provisions of the FLSA;

(e)    Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime and minimum wage compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(f)    Awarding Plaintiff liquidated damages;

(g)    Awarding Plaintiff reasonable attorney's fees, costs, penalties, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b)

(h)    Ordering any other further relief that this Court may deem just and proper.

19

Respectfully submitted this 11th day of June 2019.

By: /s/ Henry Hernandez
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
Attorney for Plaintiff
2655 Le Jeune Road, Suite 802
Coral Gables, Florida 33134
T.: 305.771.3374
e.: Henry@HHLAWFLORIDA.com


By: /s/ Monica Espino
Florida Bar No. 834491
Espino Law, PL
Co-Counsel for Plaintiffs
2655 S. LeJeune Road, Suite 802
Coral Gables, Florida 33134
Email: me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378

Case 1:19-cv-23679-JB   Document 1   Entered on FLSD Docket 09/04/2019   Page 49 of 54

## RETURN OF SERVICE

State of Florida              County of Dade              Circuit Court

Case Number: 2019-17529-01

Plaintiff:
**JESUS LOSA**

vs.

Defendant:
**INTER-RAIL TRANSPORT OR MIAMI, LLC and MELINDA BIEHL**

Received by BRICKELL COURIER SERVICES to be served on **MELINDA BIEHL, 115 LAWYERS ROW, SUITE 3, CENTREVILLE, MD 21617.**

I, Anthony V Hatcher, do hereby affirm that on the **9th day of August, 2019** at **9:45 am,** I:

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **Civil Cover Sheet, Summons and Complaint** to: **MELINDA BIEHL** at the address of: **115 LAWYERS ROW, SUITE 3, CENTREVILLE, MD 21617** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 61, Sex: F, Race/Skin Color: WHITE, Height: 5-06, Weight: 130, Hair: LT BROWN, Glasses: Y

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not a party to the case.

_____
Anthony V Hatcher
Process Server

**BRICKELL COURIER SERVICES**
P. O. BOX 01-1310
MIAMI, FL 33101
(305) 350-3224

Our Job Serial Number: CTH-2019000440

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1n

**EXHIBIT B**

IN THE CIRCUIT COURT OF THE 11ᵗʰ
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE, FLORIDA

**JESUS LOSA**

      Plaintiff,

                                CASE NO.: 2019-17529-01

v.

**INTER-RAIL TRANSPORT OF MIAMI, LLC.**
a Florida Corporation, and
**MELINDA BIEHL**, individually,

      Defendant.

_____/

<u>**SUMMONS**</u>

To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on Defendant:

    **BIEHL, MELINDA**
    **115 LAWYERS ROW, SUITE 3**
    **CENTERVILLE, MD 21617**

    A lawsuit has been filed against you. You have **20 Calendar Days** after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written responses to the

Plaintiff's Attorney's named below:

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 Le Jeune Road, Suite 802
Coral Gables, Florida 33134
T.: 305.771.3374
e.: Henry@HHLAWFLORIDA.com

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Co-Counsel for Plaintiff*

**TO THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.**

**DATED ON** _____6/17/2019_____, 2019.

Clerk of said Court

By: _____ **219401**
Deputy Clerk

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

**JESUS LOSA,**

      **Plaintiff,**

**v.**                                **Case No. 2019-17529-CA-01**

**INTER-RAIL TRANSPORT OF MIAMI,
LLC, and MELINDA BIEHL,**

      **Defendants.**

_____/

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

      YOU ARE HEREBY NOTIFIED that the attached copy of the Notice of Removal to the

United States District Court for the Southern District of Florida, Miami Division, has been filed

with the Clerk of said District Court in Miami, Florida, by using the CM/ECF system, on this <u>4th</u>

day of September, 2019.  Pursuant to 28 U.S.C. § 1446, Defendants respectfully request that this

Court proceed no further in this cause unless and until this action is remanded to state court.

      Dated this <u>4th</u> day of September, 2019.

                        Respectfully submitted,

                        **_s/ GREGORY A. HEARING_**_____
                        GREGORY A. HEARING
                        Florida Bar No.: 817790
                        gregory.hearing@gray-robinson.com
                        BENJAMIN W. BARD
                        Florida Bar No.: 95514
                        benjamin.bard@gray-robinson.com
                        GRAYROBINSON, P.A.
                        401 East Jackson Street
                        Post Office Box 3324 (33601-3324)
                        Tampa, Florida, 33602
                        Tel:  (813) 273-5000

# EXHIBIT C

Fax:  (813) 273-5145
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of September, 2019, I electronically

filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which

will send a notice of the electronic filing to the following:

| | |
|---|---|
| Henry Hernandez | Monica Espino |
| Law Office of Henry Hernandez, P.A. | Espino Law, PL |
| 2655 LeJeune Road, Suite 802 | 2655 LeJeune Road, Suite 802 |
| Coral Gables, Florida 33134 | Coral Gables, Florida 33134 |
| henry@hhlawflorida.com | me@espino-law.com |

*s/ GREGORY A. HEARING*
Attorney

2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

| **II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* |
|---|---|---|

*(For Diversity Cases Only)* and One Box for Defendant)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
(See instructions): a) Re-filed Case ☐YES ☐ NO     b) Related Cases ☐YES ☐ NO
JUDGE: _____     DOCKET NUMBER: _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $ _____     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                    SIGNATURE OF ATTORNEY OF RECORD
                        s/Gregory A. Hearing

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            IFP            JUDGE            MAG JUDGE