UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-23679-KMM

JESUS LOSA,

      Plaintiff,

v.

INTER-RAIL TRANSPORT OF MIAMI,
LLC, and MELINDA BIEHL,

      Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND REQUEST FOR EXPEDITED RULING**

Plaintiff, JESUS LOSA ("Losa" or "Plaintiff") and Defendants INTER-RAIL TRANSPORT OF MIAMI ("Defendant Inter-Rail Transport") and MELINDA BIEHL ("Defendant Biehl") (collectively hereinafter "Defendants"), by and through their undersigned counsel, respectfully request that the Court approve the settlement between Plaintiff, individuals who filed notices of consent to join this action, and Defendants, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 – 219, and dismiss this case with prejudice. The grounds for this motion are set forth more fully in the following memorandum of law.

## MEMORANDUM OF LAW

**I.     Background Facts**

On June 14, 2019, Plaintiff filed a Complaint against Defendants in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  On August 2, 2019, Plaintiff filed an amended Complaint against Defendants in the same court.  Plaintiff's Amended Complaint purported to set forth fifteen counts against Defendants for alleged violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Compl. ¶¶ 36-58, 64-79), 29 C.F.R. §785.14 (Complaint ¶¶ 90–99) , 29 C.F.R. § 785.38 (Compl. ¶¶ 80-89),  the Florida Minimum Wage Act (§448.110, Fla. Stat.) (Compl. ¶¶ 59-63), as well as workers' compensation retaliation in violation of § 440.205, Fla. Stat.  On September 9, 2019, Plaintiff filed a motion to remand his workers' compensation retaliation claim, which the Court granted on September 12, 2019.  On September 17, 2019, Plaintiff filed a Second Amended Complaint, alleging only the FLSA claims contained in his previous pleadings.  Defendants timely filed an Answer and Defenses to Plaintiff's Second Amended Complaint on September 24, 2019.  Plaintiff filed notices of consent to join a collective action for four individuals on October 18, 2019.  (Dkt. Nos. 18-22).  The parties engaged in settlement discussions and attended a mediation on March 2, 2020.

Based on the information gathered during those settlement discussions and the mediation, as well as through the parties' separate investigations, the parties still disagree on Plaintiff's entitlement to overtime compensation, as well as compensation owed to the individuals who filed notices of consent to join, whether Plaintiff and those individuals sustained any damages and, if so, the extent of the purported damages.

Case 1:19-cv-23679-JB   Document 41   Entered on FLSD Docket 03/24/2020   Page 3 of 8

After negotiating at arm's length over the course of several weeks and at the mediation, the parties finally reached an agreement on terms to resolve this matter. The parties ultimately finalized and reached full agreement on all of the terms of this settlement at the conclusion of the mediation. A copy of the parties' Settlement Agreement ("Settlement Agreement"), drafted jointly by counsel for Plaintiff and the individuals who signed notices of consent to joint, as well as counsel for Defendant, is attached hereto as Exhibit A. This settlement has been reached after considerable discussion, analysis, consideration, and negotiation by the parties and their counsel.

The Settlement Agreement contains every term and condition agreed to between the parties, as well as the individuals who filed notices of consent to join, and the parties have agreed to the payment of the attorney's fee separately and without regard to the amount paid to settle Plaintiff's claims, as well as the claims of the individuals who filed notices of consent to join. Defendant has elected to resolve this matter in order to avoid further business disruption and expense, not because it admits liability. Neither Plaintiff nor the individuals who filed notices of consent to join have released or waived any future claims.

Plaintiff calculated his total overtime compensation to be $55,650.50. Doubled for liquidated damages, Plaintiff believes his total recovery would be $111,321.00. Defendant believes that Plaintiff was compensated for all hours worked and is therefore not entitled to unpaid overtime or liquidated damages. Defendant believes that the individuals who filed notices of consent to join were compensated for all hours worked and are therefore not entitled to unpaid overtime or liquidated damages. The parties disagree as to the merits of Plaintiff's claims and Defendant's defenses based on the substantial discovery taken in this case,

3

including written discovery and depositions. The Settlement Agreement between the parties reflects risks and uncertainty associated with litigation, including the possibility of Defendant prevailing on Plaintiff's claims, as well as any claims which could have potentially been brought by the individuals who filed notices of consent to join.

## II.      Request for Settlement Approval

Section 16(b) of the FLSA permits employees to settle and release FLSA claims against an employer if the parties present the trial court with a proposed settlement and the trial court enters an order approving the fairness of the settlement. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009); Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009). The purpose of the evaluation is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354-55; Bonetti, 715 F. Supp. 2d at 1226. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354; see also Bonetti, 715 F. Supp. 2d at 1226.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

Pessoa v. Countrywide Home Loans, Inc., 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at **2-3 (M.D. Fla. Apr. 2, 2007); Hamilton v. Frito-Lay, Inc., 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Indus. Elec., Inc., 6:06-cv-915-ORL-31JGG, 2007 WL 486615, at *3 (M.D. Fla. Feb. 9, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG, 2006 WL 948058, at *4 (M.D. Fla. Apr. 12, 2006). There is a "strong presumption" in favor of finding a settlement fair. See Hamilton, 2007 WL 328792, at *2; see also Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977). Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" Bonetti, 715 F. Supp. 2d at 1227.

In this case, as evidenced by the foregoing recitation of the procedural history and background facts, the proposed settlement of this action is a fair and reasonable resolution of a bona fide dispute. First, there is a legitimate controversy between the parties. Plaintiff and the individuals who filed notices of consent to join believe that Plaintiff's cause of action, allegations, and contentions asserted in Plaintiff's Complaint have merit. Defendants, however, deny that Plaintiff or the individuals who filed notices of consent to join are entitled to the relief requested in that Complaint. Nonetheless, as the parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter in recognition that "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" Pessoa, 2007 WL 1017577, at *3.

Additionally, throughout this litigation, Plaintiff and the individuals who filed notices of consent to join have been represented by counsel.  Plaintiff's counsel have an obligation to vigorously represent their clients' rights, and they did so in this case.  There is no evidence of fraud or collusion.  Indeed, Plaintiff, the individuals who filed notices of consent to join, and their counsel believe that the consideration provided under the agreement fairly and adequately compensates them for any claim of alleged unpaid wages and other relief sought in the Complaint.  Furthermore, Plaintiff and the individuals who filed notices of consent to join knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendants, and their respective counsel, both before and during the mediation.  Before deciding to enter into this settlement, the parties' counsel investigated Plaintiff's allegations, the allegations of the individuals who filed notices of consent to join, the potential overtime exposure, and the risks and uncertainty associated with litigation.  The parties then engaged in settlement discussions based upon their independent calculations and analysis when they ultimately reached an agreement as to all of the terms of this settlement.

If the Court does not approve this settlement, both parties would be forced to engage in complex, costly, and protracted litigation in order to meet their respective burdens in this case.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.  Thus, for all of the foregoing reasons, this settlement is a fair and reasonable resolution of a bona fide dispute over the terms of the FLSA.  See Pessoa, 2007 WL 1017577, at *4. Accordingly, the parties respectfully request that the Court approve this settlement, which gives it final and binding effect, and dismiss this case with prejudice.

**III.    Request for Expedited Consideration of the Motion**

As the parties are eager to conclude this matter, the parties respectfully request that the Court expedite its consideration of this Motion.  The parties have agreed to a fair and reasonable settlement of a bona fide dispute.  In an effort to avoid needlessly wasting the Court's resources and time, the parties engaged in extensive and good faith negotiations in order to finalize the terms of the settlement, which thereby delayed the filing of this Motion.  Therefore, in order to facilitate a prompt resolution of this matter, the parties hereby request that the Court expedite its consideration of the Motion.

**IV.    Conclusion**

WHEREFORE, the parties jointly request that the Court approve the settlement of the parties, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA, and dismiss this action with prejudice.  Additionally, the parties jointly request that the Court consider and dispose of this Motion on an expedited basis.

Respectfully submitted this 24th day of March, 2020.

By: /s/ Henry Hernandez, Esq.
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
Le Jeune Road, Suite 802
Coral Gables, Florida 33134
Tel.: 305.771.3374
Email: Henry@HHLAWFLORIDA.com
*Counsel for Plaintiff*

By: /s/ Monica Espino, Esq.
Monica Espino, Esq.
Florida Bar No. 834491
**Espino Law, P.L**
2655 S. Le Jeune Road, Suite 802

By: /s/Gregory A. Hearing, Esq.
Gregory A. Hearing, Esq.
Florida Bar No. 817790
gregory.hearing@gray-robinson.com
By: /s/Benjamin W. Bard, Esq.
Benjamin W. Bard, Esq.
Florida Bar No. 95514
benjamin.bard@gray-robinson.com
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324
Tampa, Florida 33602 (33601-3324)
*Counsel for Defendants*

Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Co-Counsel for Plaintiff*