UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-23679-KMM

JESUS LOSA,

    Plaintiff,

v.

INTER-RAIL TRANSPORT OF MIAMI,
LLC, and MELINDA BIEHL,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

THIS CAUSE came before the Court upon the parties' Joint Motion to Approve Settlement and Request for Expedited Ruling. ECF No. [41]. On September 17, 2019, Plaintiff filed a Second Amended Complaint against Defendants for violating the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). ECF No. [10]. The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2

(M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorney's fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

The Court has reviewed the Settlement Agreement, as well as the attorney's fees and costs which were submitted *in camera* by the parties. The parties also submitted *in camera* the amount of recovery that the individuals who had signed "notice of consent to join" forms with Plaintiff's counsel were seeking. The Court also considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiff more than they believe Plaintiff is due under the law. Both sides have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also reviewed the billing records of counsel to Plaintiff. Those records show that Plaintiff's counsel is recovering less in attorney's fees and costs than actually incurred. The Court

also notes that a review of counsel's invoice readily supports that the amount of fees and costs that are being paid to counsel as a result of this settlement. Therefore, the settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendants (and Defendants' defenses to those claims), but also in light of the amounts that Plaintiff and his counsel will each receive.

The Court also finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable and fair compromise by both sides.

**UPON CONSIDERATION** of the Joint Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion to Approve Settlement Agreement, ECF No. [41] is **GRANTED**. Accordingly, it is further **ORDERED AND ADJUDGED** that the settlement is **APPROVED**. Plaintiff's Second Amended Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida on April 9, 2020.

¶

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**